FILED
CLERK, U.S. DISTRICT COURT
3/29/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CDO___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>GEORGE ALEXANDER ARANDA,<br>EDWIN MICHAEL ALVA, and<br>CHRISTOPHER ARREOLA ALVARADO,<br>　aka "Mario Cornejo Martinez,"<br><br>　　　　Defendants. | ED CR No. 5:24-cr-00081-KK<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Distribute Fentanyl; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), (b)(1)(A)(viii): Distribution of Fentanyl and Methamphetamine; 21 U.S.C. § 853, 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 846]

[ALL DEFENDANTS]

A.　OBJECT OF THE CONSPIRACY

　　Beginning on an unknown date, but no later than in or around April 2023, and continuing until at least on or about July 26, 2023, in Riverside County, within the Central District of California, defendants GEORGE ALEXANDER ARANDA, EDWIN MICHAEL ALVA, and CHRISTOPHER ARREOLA ALVARADO, also known as "Mario Cornejo Martinez," conspired with each other and with others known and unknown to the

Grand Jury to knowingly and intentionally distribute at least 400 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi).

B.  MANNER AND MEANS OF THE CONSPIRACY

The object of the conspiracy was to be accomplished, in substance, as follows:

1. Defendants ALVA or ARREOLA, or co-conspirators, would procure fentanyl to be distributed to drug customers.

2. Defendant ARREOLA would operate and maintain a drug stash house in Perris, California (the "stash house").

3. Defendants ALVA and ARREOLA would package fentanyl at the stash house for shipping via U.S. mail so that defendants ALVA and ARANDA could ship the packages through the mail.

4. Defendants ARANDA and ALVA would take the packaged fentanyl to U.S. Post Offices in and around Riverside County and mail the parcels to drug customers.

C.  OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendants ARANDA, ALVA, and ARREOLA, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On April 26, 2023, at the stash house, defendants ALVA and ARREOLA packaged a brick of fentanyl in a parcel to be sent via U.S. mail to a drug customer.

Overt Act No. 2: On April 26, 2023, defendant ARANDA picked up a parcel containing approximately 1,006.2 grams of fentanyl from the stash house and mailed it from a U.S. Post Office in Homeland, California.

Overt Act No. 3: On July 18, 2023, at the stash house, defendants ALVA and ARREOLA packaged a brick of fentanyl in a parcel to be sent via U.S. mail to a drug customer.

Overt Act No. 4: On July 18, 2023, defendant ALVA took the parcel containing approximately 974.8 grams of fentanyl to a U.S. Post Office in Menifee, California, and mailed the parcel.

Overt Act No. 5: On July 26, 2023, in a WhatsApp communication, defendant ALVA asked defendant ARANDA if defendant ARANDA could drop off two boxes and if defendant ARANDA could go to the stash house where the two boxes had already been marked.

Overt Act No. 6: On July 26, 2023, defendant ARANDA traveled to the stash house and, in a WhatsApp communication, told defendant ALVA that he had arrived.

Overt Act No. 7: On July 26, 2023, in a WhatsApp communication, defendant ALVA instructed defendant ARANDA to mail one of the parcels from a U.S. Post Office in Jurupa Valley, California, and the other parcel from a different U.S. Post Office in Jurupa Valley, California.

Overt Act No. 8: On July 26, 2023, at the stash house, defendant ARREOLA provided defendant ARANDA with fentanyl for further distribution.

Overt Act No. 9: On July 26, 2023, defendant ARANDA mailed a parcel containing approximately 865.3 grams of fentanyl powder from a U.S. Post Office in Jurupa Valley, California.

    <u>Overt Act No. 10</u>:  On July 26, 2023, defendant ARANDA mailed a parcel containing approximately 1,003.5 grams of fentanyl powder from a different U.S. Post Office in Jurupa Valley, California.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

[DEFENDANT ARANDA]

On or about February 23, 2023, in Riverside County, within the Central District of California, defendant GEORGE ALEXANDER ARANDA knowingly and intentionally distributed at least 400 grams, that is, approximately 986.2 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT ARANDA]

On or about February 23, 2023, in Riverside County, within the Central District of California, defendant GEORGE ALEXANDER ARANDA knowingly and intentionally distributed at least 50 grams, that is, approximately 863.68 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about April 26, 2023, in Riverside County, within the Central District of California, defendants GEORGE ALEXANDER ARANDA, EDWIN MICHAEL ALVA, and CHRISTOPHER ARREOLA ALVARADO, also known as "Mario Cornejo Martinez," each aiding and abetting the others, knowingly and intentionally distributed at least 400 grams, that is, approximately 1,006.2 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi); 18 U.S.C. § 2(a)]

[DEFENDANTS ALVA and ARREOLA]

On or about July 18, 2023, in Riverside County, within the Central District of California, defendants EDWIN MICHAEL ALVA and CHRISTOPHER ARREOLA ALVARADO, also known as "Mario Cornejo Martinez," each aiding and abetting the other, knowingly and intentionally distributed at least 400 grams, that is, approximately 974.8 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about July 26, 2023, in Riverside County, within the Central District of California, defendants GEORGE ALEXANDER ARANDA, EDWIN MICHAEL ALVA, and CHRISTOPHER ARREOLA ALVARADO, also known as "Mario Cornejo Martinez," each aiding and abetting the others, knowingly and intentionally distributed at least 400 grams, that is, approximately 865.3 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl]propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi); 18 U.S.C. § 2(a)]

[ALL DEFENDANTS]

On or about July 26, 2023, in Riverside County, within the Central District of California, defendants GEORGE ALEXANDER ARANDA, EDWIN MICHAEL ALVA, and CHRISTOPHER ARREOLA ALVARADO, also known as "Mario Cornejo Martinez," each aiding and abetting the others, knowingly and intentionally distributed at least 400 grams, that is, approximately 1,003.5 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

SENTENCING ALLEGATION

[18 U.S.C. § 851]

[DEFENDANT ARANDA]

Defendant GEORGE ALEXANDER ARANDA, prior to committing the offenses alleged in Counts One, Two, Three, Four, Six, and Seven of this Indictment, had been finally convicted of a serious drug felony as that term is defined and used in Title 21, United States Code, Sections 802(57), 841, and 851, namely, Importation of Cocaine and Methamphetamine, in violation of Title 21, United States Code, Sections 952, 960 in the United States District Court for the Southern District of California, case number 19-CR-02730-JM, on or about January 24, 2020, for which defendant ARANDA served a term of imprisonment of more than 12 months.  Defendant ARANDA was released from a term of imprisonment for that offense within 15 years of the commencement of the offenses alleged in Counts One, Two, Three, Four, Six, and Seven of this Indictment.

FORFEITURE ALLEGATION

[21 U.S.C. § 853; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Seven of this Indictment.

2. Any defendant so convicted, shall forfeit to the United States of America the following:

  (a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

  (b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

  (c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the

jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                                                  A TRUE BILL

                                                                  /s/

                                                                  Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

*[signature]* for SMG

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

K. AFIA BONDERO
Assistant United States Attorney
Major Frauds Section